UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60843-CIV-ZLOCH

I-LIGHTER, INC., a Florida
corporation,

      Plaintiff,

vs.

E-Z MEDIA, INC., a Nevada
corporation, ATLAS CARRIERS,
INC., a New York corporation,
and GEORGE GARCY, individually,

      Defendants.
_____/

**FINAL ORDER OF DISMISSAL
AS TO DEFENDANT
ATLAS CARRIERS, INC.**

    THIS MATTER is before the Court upon Defendant Atlas Carriers, Inc.'s Rule 12(b)(2) Motion To Dismiss For Lack Of In Personam Jurisdiction (DE 36). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff i-Lighter, Inc. (hereinafter "Plaintiff") initiated the above-styled cause with the filing of its Complaint (DE 1, Ex. A) seeking specific performance and damages for Defendants E-Z Media, Inc. and George Garcy's alleged breach of a Stock Subscription Agreement (hereinafter "Agreement"). Plaintiff thereafter filed an Amended Complaint (DE 31), adding Defendant Atlas Carriers, Inc., a New York corporation, as a party-defendant. Although Atlas Carriers is not a party to the Agreement, Plaintiff is seeking recovery from Atlas partly on the basis that it is the alter ego of Defendant E-Z Media, Inc. Atlas now moves for the

Court to dismiss this action against it on the basis that the Court lacks in personam jurisdiction over it.

The determination of personal jurisdiction over a nonresident defendant normally involves a two-part analysis. First, the Court must determine that the forum state's long-arm statute permits an assertion of jurisdiction. Second, the Court must determine whether sufficient minimum contacts of the defendant with the forum exist "to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Cable/Home Comm. Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (further citations omitted).

Atlas argues that the Court cannot exercise jurisdiction over it because it has not subjected itself to the reach of Florida's long-arm statute, nor does it maintain sufficient minimum contacts with Florida to reasonably expect to be haled into court here. Plaintiff has alleged no facts to establish minimum contacts of Atlas with the State of Florida. Likewise, there is no allegation of facts that would bring Atlas within reach of Florida's long-arm statute. Fla. St. § 48.193 (2007). Thus, the only ground that could save certain of Plaintiff's claims against Atlas is that Atlas is in fact an alter ego of Defendant E-Z Media, Inc.

Plaintiff seeks to have the Court set aside Atlas's corporate

form and hale it before the Court to be ready to answer for E-Z Media's wrongs, if any should be proven.

> The rule is that the corporate veil will not be pierced, either at law or in equity, unless it be shown that the corporation was organized or used to mislead creditors or to perpetrate a fraud upon them. . . . In the absence of pleading and proof that the corporation was organized for an illegal purpose or that its members fraudulently used the corporation as a means of evading liability with respect to a transaction . . . [a plaintiff] cannot be heard to question the corporate existence but must confine his efforts to the remedies provided by law for satisfying his judgment <u>from the assets of the corporation</u>, if any can be found.

<u>Riley v. Fatt</u>, 47 So. 2d 769, 773 (Fla. 1950), <u>cited in</u> <u>Dania Jai Alai Palace, Inc. v. Sykes</u>, 450 So. 2d 1114, 1119-20 (Fla. 1984). Brushing aside the corporate form requires an allegation and a finding of improper use of the same. <u>Flight Int'l Aviation Training Ctr., Inc. v. Rivera</u>, 651 So. 2d 1265, 1266 (Fla. Dist. Ct. App. 1995); <u>Fasco Controls Corp. v. Goble</u>, 688 So. 2d 1029, 1031 (Fla. Dist. Ct. App. 1997).

Plaintiff has failed to allege improper use of the corporate form by Atlas or by E-Z Media in so far as it relates to Atlas. Plaintiff's Amended Complaint (DE 31) alleges only that E-Z Media bound itself to the Agreement and failed to perform, that E-Z Media fraudulently used its defunct corporate status to conduct business in its own name, and that it shares an address and telephone number with Atlas. DE 31, pp. 1-4. With regard to Atlas, Plaintiff alleges that Defendant George Garcy first represented that he was negotiating the Agreement on behalf of Atlas but then signed on

behalf of E-Z Media, and that Atlas and E-Z Media co-mingled assets and transferred assets for inadequate consideration. <u>Id.</u> pp. 5-6. While these corporate informalities could, if true, make Atlas and E-Z Media's shareholders liable through a piercing of the corporate veil, Plaintiff has failed to make any allegation that the two corporations maintained separate identities for the purpose of evading liability. <u>Riley</u>, 47 So. 2d at 1119-20. Thus, without an allegation of wrongdoing toward Plaintiff on the part of Atlas, or on the part of E-Z Media as it relates to Atlas, the Court cannot find that Atlas was an alter ego of E-Z Media. See <u>McFadden Ford v. Mancuso</u>, 766 So. 2d 241, 243 (Fla. Dist. Ct. App. 2000) (finding that plaintiffs have not met "their burden of proving that an alter ego relationship was maintained for an improper purpose"). Without this alternative theory of personal jurisdiction available to it, Plaintiff must proceed under Florida's long arm statute in order to establish this Court's jurisdiction over Atlas. As stated before, it has not done so.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Atlas Carriers, Inc.'s Rule 12(b)(2) Motion To Dismiss For Lack Of In Personam Jurisdiction (DE 36) be and the same is hereby **GRANTED;**

2. The Amended Complaint (DE 31) be and the same is hereby **DISMISSED** as to Defendant Atlas Carriers, Inc. for the Court's lack

4

of personal jurisdiction over the same; and

    3. Defendant Atlas Carriers, Inc.'s Request For Oral Argument (DE 40) be and the same is hereby **DENIED**.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __19th__ day of March, 2008.

                                  WILLIAM J. ZLOCH
                                  United States District Judge

Copies furnished:

All Counsel of Record